UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDELHAKIM CHOUBABI,

          Plaintiff,

v.

SHANA CANTONI, *et al.*,

          Defendants.

Case No. C10-1367-RSM-BAT

**REPORT AND RECOMMENDATION**

In this 42 U.S.C. § 1983 action, *pro se* plaintiff Abdelhakim Choubabi, an inmate at the Monroe Correctional Complex, Special Offender Unit ("MCC-SOU"), alleges that defendants—Advanced Nurse Practitioner (ANP) Shana B. Cantoni and Counselor Patric[1]—violated the Eighth Amendment by forcing him to take the medication Zyprexa and encouraging doctors to prescribe unwanted medication. (Dkt. 9, at 1.) Defendants move for summary judgment (Dkt. 19) and plaintiff has filed nothing in response. The Court recommends **GRANTING** defendants' motion for summary judgment (Dkt. 19) on the basis of qualified immunity and, alternatively, on the merits.

---

[1] Associate Superintendent Howard Anderson is not listed as defendant in the Amended Complaint and is not a party to this action. The Clerk is directed to administratively TERMINATE Mr. Anderson as a party on the official docket.

REPORT AND RECOMMENDATION- 1

## I. BACKGROUND

The following facts are not contradicted. MCC-SOU is a prison facility specifically designated for housing inmates who are seriously mentally ill. (Dkt. 19-1 ¶ 3 (hereinafter "Cantoni Decl.").) Defendant ANP Cantoni served as plaintiff's primary mental health treatment provider while he was housed at the C/D housing units. (*Id.* ¶ 5.) Plaintiff has an extensive history of mental illness, including hospitalizations at Western State Hospital, where he was civilly committed prior to being incarcerated in the state penal system. (*Id.* ¶ 6.) Plaintiff has been seen in the infirmary for suicide attempts, paranoia, and for eating substances not intended for consumption. (*Id.* ¶ 7–8.) Out of concern that plaintiff might ingest potentially lethal substances such as detergents and cleaning solutions, plaintiff was transferred to a closed-custody housing unit in June 2009, and was examined by ANP Cantoni.

Plaintiff himself asked to be prescribed Zyprexa, and took the medication from July 2009 until December 2009, when he sought a different medication out of concern that Zyprexa was causing him to gain weight. (*Id.* ¶ 8–11.) A week after plaintiff was off of Zyprexa, he presented as increasingly paranoid and accused ANP Cantoni of torturing him. (*Id.* ¶ 12.) Plaintiff requested a lethal injection, reported not sleeping for two days, and exhibited hypomania. (*Id.*) Plaintiff was medicated involuntarily with Zydis, the dissolvable tablet form of Zyprexa for 72 hours. (*Id.*) He agreed to take the medication voluntarily if it was switched back to the pill form of Zyprexa. (*Id.*)

In December 2009, plaintiff twice requested that the Zyprexa dosage be lowered. (*Id.* at ¶ 13.) The first time, ANP Cantoni declined to lower the dosage. (*Id.*) The second time, ANP Cantoni agreed to lower the dosage so long as plaintiff also took a mood stabilizer. (*Id.* ¶ 14.) However, in January 2010, plaintiff was admitted to the infirmary with increasing paranoia and

accused ANP Cantoni of torturing him with the mood stabilizer. (*Id.* ¶ 15.) ANP Cantoni discontinued the mood stabilizer, increased plaintiff's dosage of Zyprexa, and referred plaintiff for a dietary consultation. (*Id.*)

In February 2010, plaintiff again reported concerns about weight gain and was switched to Clozaril. (*Id.* ¶ 16.) Only days later, however, he became increasingly paranoid and was put back on Zyprexa. (*Id.*) Because plaintiff had days in which he did not take Zyprexa, he was placed on a 72-hour involuntary medication regime on April 16, 2010, and was referred for 14 days of involuntary medication on May 4, 2010. (*Id.*) Since April 2010, plaintiff has been on a stable dose of Zyprexa, has become increasingly organized, has not engaged in self-harm, and has not been admitted to the infirmary for observation. (*Id.* ¶ 17.)

ANP Cantoni opines that plaintiff responds very well to a moderate dose of Zyprexa, and that it reflects good clinical practice to ensure his psychiatric stability. (*Id.* ¶ 18.) She notes that Zyprexa unfortunately has side effects of weight gain, diabetes, hypertension and hypercholesterolemia. (*Id.* ¶ 19.) She observes, however that plaintiff is 44 pounds lighter than when he entered Department of Corrections custody, and his laboratory values that measure cholesterol, triglycerides, and diabetes have shown improvement over the last year. (*Id.*) In total, plaintiff was involuntarily medicated with Zyprexa on three occasions: (1) on December 14, 2009 for 72 hours; (2) on April 16, 2010 for 72 hours; and (3) on May 4, 2010 for 14 days. (*Id.* ¶ 20.) He has not otherwise been administered involuntary medication. (*Id.*)

In August 2010, plaintiff filed the present 42 U.S.C. § 1983 civil-rights action and later filed an amended complaint. Defendants move for summary judgment. (Dkt. 19.) To date, plaintiff has not filed a response.

## II. DISCUSSION

Plaintiff contends that defendants exhibited deliberate indifference to his serious medical needs in violation of the Eighth Amendment because (1) ANP Cantoni is forcing him to take Zyprexa and has refused to discontinue prescribing Zyprexa even though it exacerbates his diabetic condition; and (2) Counselor Patric "incites . . . the doctors to give me this medication or other medications that I don't want. If I don't take the medication I am taken to the infirmary and give[n] the medication by force." (Dkt. 9, at 3.) Defendants respond that they are entitled to summary judgment both on the basis of qualified immunity and on the merits.[2]

Because plaintiff has not filed a brief in opposition, the Court presumes that defendants' summary-judgment motion has merit. *See* Local Rule CR 7(b)(2). Furthermore, nothing beyond plaintiff's conclusory allegations suggests that ANP Cantoni or Counselor Patrick exhibited deliberate indifference to plaintiff's serious medical needs: at most he alleges a disagreement with his health-care providers about the efficacy of Zyprexa. The Court finds that defendants are entitled to summary judgment on the basis of qualified immunity and, alternatively, on the merits.

### A. Qualified Immunity

Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Because qualified immunity is an

---

[2] Summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The evidence is viewed and reasonable inferences are drawn in the light most favorable to the nonmoving party. *United States v. Johnson Controls, Inc.,* 457 F.3d 1009, 1013 (9th Cir. 2006). The nonmovant must do more than simply deny the veracity of everything offered or show a mere "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *see* Fed. R. Civ. P. 56(c). The mere existence of a scintilla of evidence is likewise insufficient to create a genuine factual dispute. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986).

immunity from suit rather than a mere defense to liability, this question should be resolved at the earliest possible stage in litigation. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The qualified immunity inquiry has two parts: whether the facts alleged or shown make out a violation of a constitutional right; and whether the right at issue was "clearly established" at the time of a defendant's alleged misconduct. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). Courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case. *Pearson v. Callahan*, 555 U.S. 223 (2009).

Defendants are entitled to qualified immunity under both prongs of the *Saucier* inquiry: (1) there is no triable issue of fact about whether their choices regarding the use of Zyprexa or other medications to treat plaintiff violated the Eighth Amendment; and (2) plaintiff's right was not clearly established because it would not be clear to a reasonable person that it was unlawful to medicate plaintiff with Zyprexa or other medications given that plaintiff suffered extreme decompensation in the absence of Zyprexa and responded well to moderate doses of Zyprexa. *See Saucier*, 533 U.S. at 201–02.

With a claim of alleged medical mistreatment in violation of the Eighth Amendment, an inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). A prison official may be held liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994). An inmate alleging an Eighth Amendment violation must satisfy a two-part test and prove that: (1) the deprivation was, objectively, "sufficiently serious"; and (2) the prison officials

acted with a "'sufficiently culpable state of mind.'" *Id.* at 834 (cited sources omitted). The latter subjective showing requires plaintiff to prove that (a) an official was aware of facts from which he could have inferred that a substantial risk of serious harm existed, and (b) that the official in fact drew the inference. *See Farmer,* 511 U.S. at 837. Deliberate indifference may be found where prison officials "deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. United States,* 838 F.2d 390, 394 (9th Cir. 1988). The indifference, however, must be substantial; inadequate treatment due to negligence, inadvertence or differences in judgment between an inmate and medical personnel do not rise to the level of a constitutional violation. *See id.; Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir. 1989). Prison officials may be free from liability if they "responded reasonably" to a known risk; a dispute, in hindsight, over the existence of arguably superior alternatives does not raise a triable issue of fact as to whether the defendants were deliberately indifferent. *See Farmer,* 511 U.S. at 844; *Berg v. Kincheloe,* 794 F.2d 457, 462 (9th Cir. 1986).

First, there is no triable issue of fact about whether defendants violated the Eighth Amendment because the record refutes plaintiff's assertion that being treated Zyprexa constitutes deliberate indifference to serious medical needs. Plaintiff makes vague allegations about the harmfulness of Zyprexa but seeks damages only for its effect on his diabetes. (Dkt. 9, at 4.) In contrast, there is no dispute that when plaintiff is not taking Zyprexa he has become paranoid and exhibited hypomania. ANP Cantoni has noted that Zyprexa may exacerbate his diabetic condition but is monitoring the side effects; laboratory tests suggest that the medication has not exacerbated any of his preexisting conditions, including diabetes. Plaintiff's assertion that he would be better treated without Zyprexa is not borne out by the record and such a disagreement

REPORT AND RECOMMENDATION- 6

with medical professionals does not raise a triable issue of fact about whether those medical professionals exhibited deliberate indifference to serious medical needs.

Second, plaintiff cannot show that treatment without the use of Zyprexa is a clearly established right.  A reasonable medical professional would not have thought it to be medical mistreatment to prescribe Zyprexa.  Plaintiff's medical history shows (1) he has severely decompensated when taken off of Zyprexa and (2) he has stabilized when treated with Zyprexa.

Defendants are entitled to qualified immunity on plaintiff's claimed violations of the Eighth Amendment.

**B.    Medical Mistreatment on the Merits**

For the reasons discussed earlier, defendants also are entitled to summary judgment on the merits of plaintiff's claims of medical mistreatment.  Plaintiff has presented nothing beyond conclusory allegations to suggest (1) that his treatment with Zyprexa was constituted a "sufficiently serious" deprivation of medical care in light the medical conclusions that plaintiff did better on moderate doses of Zyprexa, did worse without it, and is not suffering adverse side effects;  or (2) that defendants were aware that their actions would cause harm.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff disagrees with his health-care providers about the proper evaluation and treatment of his mental-health condition.  This disagreement does not rise to the level of an Eighth Amendment violation.

### III.  CONCLUSION

The Court recommends **GRANTING** defendant's motion for summary judgment on the basis of qualified immunity and, alternatively, on the merits.  (Dkt. 19.)  A proposed order
///
///

accompanies this Report and Recommendation.

DATED this 16th day of June, 2011.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION- 8